**IN THE UNITED STATES OF AMERICA FOR
THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**UNITED STATES OF AMERICA,**          **CASE NUMBER: 4:24cr22-RH**

**vs.**

**DONOVAN SAULEDA,**

____**Defendant**____/

**MOTION TO SUPPRESS**

Defendant, Donovan Sauleda, by and through undersigned counsel, hereby moves this Honorable Court to suppress all physical evidence, including but not limited to the images and videos depicting child sexual abuse material (CSAM), conversations discovered on the direct messenger features of various social media applications, "child-like" sex dolls, and videos and images of Mr. Sauleda engaged in sexual acts with the dolls.  The seizure of all items was the product of unlawful searches in violation of the Fourth Amendment to the United States Constitution. Detective Patrick Fleming omitted a material fact in the affidavit to obtain a search warrant for the twitter account with the Twitter handle Arthur Eden. Evidence obtained from that twitter account led to other search warrants that lead to other materials that are the subject of this indictment. The grounds supporting this motion are:

**Factual Basis**

For brevity, this motion to suppress incorporates the facts as alleged in Doc. 38 (Defendant's Motion to Suppress).

In the Affidavit for Search Warrant file by Detective Fleming on February 17, 2022, requesting to regain access to the data located on the suspect's Twitter account, Detective Fleming informed the court that he used his own undercover twitter account to fully investigate Mr. Saluda's publicly accessible twitter account, "Arthur Eden". The search warrant was requested due to the suspicion that the account was being used "contrary to laws prohibiting: failing to register internet identifiers pursuant to Chapter 943.0435 (4)(e)1." The search warrant was signed by the Honorable Judge Walker by finding probable cause that "the owner of the target account…is suspected of utilizing Twitter services contrary to laws prohibiting *failure to register online identifiers pursuant to 847 Florida State Statute*."

**Memorandum**

## I.    Registration Requirement

Florida Statute 943.0435(4)(e)1 requires sex offenders to register all electronic mail addresses and internet identifiers, and each Internet identifier's corresponding website homepage or application software name. An "Internet identifier" defines as any designation, moniker, screen name, username, or other name used for self-identification to send or receive social Internet connection. "Social Internet

communication" means any communication through a commercial social networking website but does not include communication for which the primary purpose is the facilitation of commercial transactions involving goods or services. Fla. Stat. 775.21(2)(m)

A twitter handle could be considered an Internet identifier because it is used for self-identification to send or receive Internet connection through the twitter application. Twitter, in this case, is the commercial social networking website. The plain language of the statute, however, makes it clear that not all twitter handles are treated equally. Some are Internet identifiers. Some are not. Some primarily engage in "social internet communication". Some do not. Some are required to be registered if used by a sex offender. Some are not. The twitter handles that are not used to communicate for the primary purpose to facilitate commercial transactions involving goods or services are required to be registered if the handle is used by a registered sex offender. If the twitter handle falls into the other category that is used for the primary purpose to facilitate commercial transactions, then there is not a requirement to register it because it does not fit into the definition of "social internet communication."

The twitter handle identified as belonging to Mr. Sauleda is "ArthurEdenXXX". The handle alone gives away the primary purpose of this twitter page. With one glance at the page, even the most innocent person would realize that this page is used

for the sole purpose to sell adult pornographic material. Mr. Sauleda is an adult sex entertainer and the primary purpose of "ArthurEdenXXX" was to promote Mr. Sauleda's business of distributing legal pornographic materials and to drive onlookers to his other sites where they would pay for his content.

In summary, since this twitter handle was used for the primary purpose of facilitating commercial transactions, it was not used for social internet communication and therefore would not be considered an Internet identifier that would require registration under <u>Florida Statute 943.0435(4)(e)1</u>. The face of the affidavit does not present any facts that shows there is probable cause that the twitter handle was used for something other than to facilitate commercial transactions.

## II. Detective Fleming's Failure to Disclose "ArthurEdenXXX" as a commercial account

Failure to disclose that the twitter handle ArthurEdenXXX's primary purpose is to facilitate commercial transactions is a material omission in the search warrant affidavit. The 11th Circuit has held that "a warrant affidavit violates the Fourth Amendment when it contains omissions "made intentionally or with a reckless disregard for the accuracy of the affidavit." <u>Madiwale v. Savaiko</u>, 117 F. 3d 1321, 1326-27 (11th Cir. 1997). Proof of the omission of critical facts can infer recklessness. <u>Id</u>. at 1327. Further, a warrant is invalidated where there is a reckless omission and where the omitted facts would have prevented the finding of probable

cause. Id.

In the present case, omitting in the affidavit that the twitter handle was used primarily to facilitate commercial transactions was a critical omission. The sole basis for obtaining the warrant was to determine whether Mr. Sauleda failed to register an Internet identifier. By omitting the fact that the was used primarily to facilitate commercial transactions hid that this handle is not an Internet identifier as defined by Florida Statutes. If the affidavit was presented with the additional fact that the handle is not an Internet identifier, there would not have been probable cause to search the ArthurEdenXXX twitter account.

III.    **Mr. Sauleda's probationary status does not make the items found during the warrantless search admissible**

In U.S. v. Knights, 534 US 112 (2001), the Supreme Court upheld a warrantless of a probationer and held that the search was reasonable within the meaning of the Fourth Amendment where the warrantless search was supported by reasonable suspicion and authorized by a condition of probation. Knights, 534 U.S. 112, 122 (2001). The crux of this holding was based on the language of the California probation condition "whether the purpose of the search is to monitor the probationer or to serve some other law enforcement purpose." See id. at 116. The Court found that the probationer agreed to that condition and therefore agreed to a lower expectation of privacy. See id. at 120.

The law in Florida is different than the law in California. The search condition in Florida is also different than the search condition in California. Mr. Sauleda agreed to "submission to a warrantless search by the *community control or probation officer* of the offender's *person, residence, or vehicle*."[i] Mr. Sauleda's personal messages are neither his person, residence, nor vehicle. Even if the Government was to argue that Mr. Sauleda's private messages are an extension of his person, Detective Fleming was not Mr. Sauleda's community control or probation officer.  Further, the Florida Supreme Court has held that "evidence of an otherwise unreasonable search for contraband may not be admitted in a resulting prosecution for a separate criminal offense." Croteau v. State, 334 So. 2d 577 (Fla. 1976).

Therefore, although Mr. Sauleda's probationary status does allow for a lower showing than other individuals for a search, this search was outside of the bounds allowed under Florida law.

IV.    **All subsequent search warrants were tainted with illegally obtained evidence, and therefore, all evidence seized during law enforcement's execution of the search warrants of Mr. Salueda's Facebook, Instagram, Google, Snapchat, Reddit, and residential search warrant should be suppressed. The good faith exception does not apply because the officers were not engaged in objectionably reasonable law enforcement activity at the time they collected the evidence used to**

**establish probable cause in the warrant affidavits.**

Mr. Sauleda incorporates all arguments made in section II of the memorandum in Doc. 38.

WHEREFORE, for the foregoing reasons, Mr. Sauleda respectfully requests that this Honorable Court enter an order excluding all evidence obtained during, or derived from, the unlawful searches of his Facebook, Instagram, Google, Snapchat, Reddit, and Twitter accounts and all evidence obtained from the residential search warrant.

## CERTIFICATE OF SERVICE AND WORD COUNT

I HEREBY CERTIFY that a true and correct copy has been furnished by electronic delivery to Meredith Steer, Assistant United States Attorney, on March 21, 2025. This motion contains 1,324 words.

/s/ Mutaqee Akbar
MUTAQEE AKBAR
Akbar Thomas
619 N. Copeland St.
Tallahassee, FL 32304
850.383.0000
Florida Bar Number:  819581
M.Akbar@AkbarThomas.com

Attorney for Defendant

---

[i] Paragraph 24 of conditions of state probation.