# UNITED STATES DISTRICT COURT
Northern District of Florida

| | |
|---|---|
| UNITED STATES OF AMERICA <br> **v.** <br><br> DONOVAN ARTHUR SAULEDA | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: 4:24cr22-001 <br><br> USM Number: 15757-511 <br><br> Mutaqee Akbar (Appointed) <br> Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☒ was found guilty on count(s)  1, 2, and 3 on June 17, 2025
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) | Receipt and Attempt to Receive Child Pornography | March 22, 2022 | 1 |
| 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2) | Possession and Access with Intent to View Child Pornography | March 22, 2022 | 2 |
| 18 U.S.C. §§ 1466A(a)(1) and 1466A(d)(4) | Production, Distribution, and Possession With Intent to View Obscene Material | March 22, 2022 | 3 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

November 20, 2025
Date of Imposition of Judgment

s/Robert L. Hinkle
Signature of Judge

Robert L. Hinkle, U.S. District Judge
Name and Title of Judge

November 24, 2025
Date

DEFENDANT: DONOVAN ARTHUR SAULEDA
CASE NUMBER: 4:24cr22-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

240 months on each of counts 1, 2, and 3, to run consecutively, for a total of 720 months. There are pending state charges against the defendant arising from conduct related to this federal offense. See presentence report ¶ 62. If the defendant is convicted and sentenced to custody on the state charges, this federal sentence must be served concurrently with the state sentence. The Bureau of Prisons must designate a state facility for service of this federal sentence to the extent required to achieve this result.

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant should be designated to a facility as near as possible to Tallahassee, Florida.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DONOVAN ARTHUR SAULEDA
CASE NUMBER: 4:24cr22-001

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:
LIFE on counts 1, 2 and 3 to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)
4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT:       DONOVAN ARTHUR SAULEDA
CASE NUMBER:   4:24cr22-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.


Defendant's Signature _____   Date _____

DEFENDANT:     DONOVAN ARTHUR SAULEDA
CASE NUMBER:     4:24cr22-001

## SPECIAL CONDITIONS OF SUPERVISION

1. You must successfully participate in substance-abuse treatment consisting of an initial evaluation—by a probation officer or outside provider—and any further appropriate treatment. The treatment may include cognitive behavioral therapy.
2. You must provide the probation officer all requested financial information, both business and personal.
3. You must not transfer or dispose of any asset, or interest in any asset, without the prior approval of the supervising probation officer unless you have satisfied all financial obligations.
4. You must cooperate with the Internal Revenue Service and file all required income tax documentation.
5. You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless you have satisfied all financial obligations.
6. You must make monthly payments in the amount of not less than $150 per month towards any unpaid restitution, fines, and/or assessments. Payments shall begin within 60 days of your release from imprisonment (or within 60 days of imposition of this sentence). You must notify the United States Attorney's Office if there are any changes in your financial situation which significantly impacts your ability to pay restitution.
7. You must submit your person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions, pursuant to 18 U.S.C. § 3583(d)(3).
8. You must register with the state sex offender registration agency as required by state law. You must provide proof of registration to the Probation Officer within three days of release from imprisonment/placement on supervision. In any state that has adopted the requirements of the Sex Offender Registration and Notification Act (34 U.S.C.§ 20911 et seq.), you must also comply with all such requirements as directed by the Probation Officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, are a student, or were convicted of a qualifying offense.
9. You must participate in sex offender-specific treatment. The probation officer must release the presentence report and all previous mental health evaluations to the treatment provider. As part of the treatment program, you must submit to polygraph, or other psychological or physiological testing as recommended by the treatment provider. You must pay the cost only to the extent required by a fee schedule or policy adopted by the provider or probation office for participants generally.
10. You must submit to periodic polygraph testing when directed by the probation office as a means to ensure that you are in compliance with the requirements of your supervision or treatment program.
11. Your residence must be approved by the probation officer, and any change in residence must be pre-approved by the Probation Officer. You must submit the address of any proposed residence to the Probation Officer at least 10 days prior to any scheduled change.
12. Your employment must be approved by the probation officer, and any change in employment must be pre-approved by the probation officer. The defendant must submit the name and address of the proposed employer to the probation officer at least 10 days prior to any scheduled change.
13. You must not frequent or loiter within 100 feet of any location where children are likely to gather or have contact with any child under the age of 18 unless otherwise approved by the probation officer.
14. You must not have unsupervised contact with a minor in person, by telephone, electronically, or in writing. You must immediately report any unsupervised contact to the probation officer.
15. You must not possess or use a computer without the prior approval of the probation officer. "Computer" includes any electronic device capable of processing or storing data as described at 18 U.S.C. § 1030, and all peripheral devices.
16. As directed by the probation officer, you must enroll in the probation office's Computer and Internet Monitoring Program (CIMP) and must abide by the requirements of the CIMP program and the Acceptable Use Contract.
17. You must not access the Internet or any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. "On-line services" include any Internet service provider, or any other public or private computer network. As directed by the probation officer, you must warn your employer of restrictions to your computer use.

DEFENDANT: DONOVAN ARTHUR SAULEDA
CASE NUMBER: 4:24cr22-001

# SPECIAL CONDITIONS OF SUPERVISION

18. You must not possess or use any data encryption technique or program.
19. You must not possess, in any form, materials depicting child pornography, child erotica, or nude or sexual depictions of any child; or any materials described at 18 U.S.C. § 2256(8).
20. You must refrain from accessing, via the Internet, any pornography or other materials depicting sexually explicit conduct as defined at 18 U.S.C. § 2256(2), without the prior approval of the probation officer.

Judgment — Page 7 of 9

DEFENDANT: DONOVAN ARTHUR SAULEDA
CASE NUMBER: 4:24cr22-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| TOTALS | $ 300.00 | $ 6,000.00 | $ -0- | $ 100.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| "Julie" ("JBN Flowers1") | | $3,000.00 | |
| "SV" ("Sparkling Velvet") | | $3,000.00 | |

| TOTALS | $ | $ 6,000.00 |
|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　☐ the interest requirement is waived for　　☐ fin　　☐ restitution.

　　☐ the interest requirement for　　☐ fine　　☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: DONOVAN ARTHUR SAULEDA
CASE NUMBER: 4:24cr22-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows: immediately.

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

　　☐ not later than _____ , or
　　☐ in accordance with ☐ C ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐C, ☐D, or ☐F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
Apple iPhone 7 Plus, which was used to possess or receive child pornography, and facilitated the offenses of conviction

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: DONOVAN ARTHUR SAULEDA
CASE NUMBER: 4:24cr22-001

# DENIAL OF FEDERAL BENEFITS
*(For Offenses Committed On or After November 18, 1988)*

**FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862(a)**

    IT IS ORDERED that the defendant shall be:

☐    ineligible for all federal benefits for a period of _____ .

☐    ineligible for the following federal benefits for a period of _____ .

*(specify benefit(s))*

## OR

☐    Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

**FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)**

    IT IS ORDERED that the defendant shall:

☐    be ineligible for all federal benefits for a period of _____ .

☐    be ineligible for the following federal benefits for a period of _____ .

*(specify benefit(s))*

☐    successfully complete a drug testing and treatment program.

☐    perform community service, as specified in the probation and supervised release portion of this judgment.

☐    Having determined that this is the defendant's second or subsequent conviction for possession of a controlled substance, IT IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

    **Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, Veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk of court is responsible for sending a copy of this page and the first page of this judgment to:**

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**